UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSA CARDENAS SALVAS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No. CV 16-06956-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

**PROCEEDINGS**

On September 15, 2016, Rosa Cardenas Salvas ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Social Security Disability Insurance benefits. The Commissioner filed an Answer on January 3, 2017. On April 3, 2017, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

## BACKGROUND

Plaintiff is a 54-year-old female who applied for Social Security Disability Insurance benefits on May 14, 2013, alleging disability beginning November 6, 2011. (AR 72.) The ALJ determined that Plaintiff had not engaged in substantial gainful activity since November 6, 2011, the alleged onset date. (AR 74.)

Plaintiff's claim was denied initially on August 21, 2013, and on reconsideration on November 18, 2013. (AR 72.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Sally C. Reason on February 2, 2015, in Los Angeles, California. (AR 72.) Plaintiff appeared and testified at the hearing and was represented by counsel. (AR 72.) Spanish interpreter, Natalia Iorgulescu assisted the Plaintiff in her testimony. (AR 72.) Vocational expert ("VE") Ronald K. Hatakeyama also appeared and testified at the hearing. (AR 72.)

The ALJ issued an unfavorable decision on February 25, 2015. (AR 72-79.) The Appeals Council denied review on July 12, 2016. (AR 1-4.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff only raises the following disputed issue as ground for reversal and remand:

1. Whether the ALJ properly considered Dr. Greenfield's treating opinion.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

**THE SEQUENTIAL EVALUATION**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir.

2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

**THE ALJ DECISION**

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since November 6, 2011, the alleged onset date. (AR 74.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairment: degenerative disc disease of the spine with arthritis. (AR 74-75.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 76.)

The ALJ then found that Plaintiff has the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b) with the following limitations:

> Occasional bending, kneeling, stooping, crawling and crouching, and work that requires fluency in English.

(AR 76-78.) In determining the above RFC, the ALJ made an adverse credibility determination, which Plaintiff does not challenge here. (AR 78.)

At step four, the ALJ found that Plaintiff is able to perform her past relevant work as a supervisor hotel housekeeper. (AR 78-79.)

Consequently, the ALJ found that Claimant is not disabled, within the meaning of the Social Security Act. (AR 79.)

**DISCUSSION**

The ALJ decision must be affirmed. The ALJ properly considered the medical evidence.

### A. Relevant Federal Law

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 446 F.3d at 883.

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments

is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632. Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. Id. However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

**B.  Analysis**

Plaintiff Rosa Cardenas Salvas has the medically determinable impairment of degenerative disc disease of the spine with arthritis. (AR 74.) The ALJ assessed an RFC for light work except for occasional bending, kneeling, stooping, crawling, and crouching, and work that requires fluency in English. (AR 76.) The ALJ concluded that Plaintiff could perform her past relevant work as a supervisor or hotel housekeeper both as generally and actually

performed. (AR 78, 79.) The supervisor hotel housekeeper position (DOT #321.137-010) requires occasional stooping consistent with the ALJ's RFC.

Plaintiff contends that the ALJ erred in rejecting without explanation the opinion of treating physician Dr. Jon Greenfield that Plaintiff was precluded from bending, stooping, squatting, or twisting. To qualify for Social Security disability benefits, however, a claimant's impairment must have lasted or be expected to last a continuous period of twelve months. 20 C.F.R. § 404.159; see also Roberts v. Shalala, 66 F.3d 179, 182-83 (9th Cir. 1985.) Neither Dr. Greenfield nor any other medical source opined that Plaintiff could engage in no bending, stooping, squatting, or twisting for a continuous period of at least twelve months. The record in fact indicates otherwise.

Dr. Greenfield first saw Plaintiff on October 26, 2011, signing an evaluation report on November 4, 2011. (AR 77, 272-276.) He limited Plaintiff to light duty with no lifting, carrying, pushing, or pulling over 15-20 pounds, but no other restrictions. (AR 273.) On November 29, 2011, Dr. Greenfield placed Plaintiff on modified work with no bending, stooping, squatting, or twisting. (AR 271.) On November 30, 2011, he indicated Plaintiff should remain off work until December 14, 2011. (AR 270.) On December 15, 2011, he opined Plaintiff should remain off work until February 8, 2012. (AR 269.) On January 16, 2012, Dr. Greenfield ordered Plaintiff to remain off work until February 16, 2012. (AR 268.) On February 14, 2012, he gave instruction Plaintiff was to remain off work until March 12, 2012. (AR 267.) On March 16, 2012, Dr. Greenfield indicated Plaintiff should remain off work until March 28, 2012. (AR 266.) On March 28, 2012, Dr. Greenfield gave the same instruction through April 28, 2016. (AR 265.) On April 26, 2012, Dr. Greenfield indicated Plaintiff should remain off work until May 25, 2012. (AR 264.) The period from November 29, 2011, to May 25, 2012 does not constitute 12 months.

On May 25, 2012, Plaintiff was examined by Dr. William Mouradian (AR 77-78, 310-322) who limited her to desk work with a 10 pound lifting limitation. (AR 77, 320.) He assessed no postural limitations. (AR 77, 320.). Plaintiff had physical therapy and chiropractic care but declined epidural injections and back surgery. (AR 321.) Dr. Mouradian repeated his

7

1 | assessment in subsequent visits through October 2012. (AR 292-309.) On August 13, 2013,
Plaintiff underwent a complete orthopedic examination. (AR 77, 444-448.) Dr. Payam
Moazzas opined that Plaintiff could perform light work, with postural activities such as bending,
kneeling, stooping, crawling, and crunching on an occasional basis (AR 448), the RFC adopted
by the ALJ. State agency physician reviewers also opined Plaintiff could engage in occasional
stooping, kneeling, crouching, and crawling. (AR 116-117, 127-128.)

The ALJ acknowledged Dr. Greenfield's opinion that Plaintiff should engage in no
bending, stooping, squatting, or twisting. (AR 77.) Plaintiff complains that the ALJ never gave
any reasons for rejecting these limitations. As already noted, however, Dr. Greenfield's opinion
in this regard does not satisfy the twelve month duration requirement for disability. Plaintiff
never acknowledges or addresses that Dr. Greenfield's postural limitations do not meet the
twelve month durational requirement. As a matter of law, Dr. Greenfield's opinion cannot
establish disability. An ALJ need not discuss all the evidence presented but must explain why
significant probative evidence has been rejected. Vincent v. Heckler, 739 F.2d 1393, 1394-95
(9th Cir. 1985). Dr. Greenfield's postural limitations, because they do not meet the durational
requirement, are not probative. Any failure to give reasons for not adopting these limitations is
harmless error. See Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008) (error is
harmless when it is "inconsequential to the ultimate nondisability determination"), quoting Stout
v. Comm'r, 454 F.3d 1050, 1055-56 (9th Cir. 2006).

Thus, the ALJ properly considered the medical evidence. The ALJ's RFC is supported
by substantial evidence.

* * *

The ALJ's nondisability determination is supported by substantial evidence and free of
legal error.

///
///
///
///

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: August 28, 2017

*/s/ John E. McDermott*
JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE